**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARK ELEVELD,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES (DCFS) et al.,<br><br>Defendants. | Case No. 25-cv-03964<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Mark Eleveld ("Plaintiff") brings this action against the Illinois Department of Children and Family Services ("DCFS"), Danielle Gage ("Gage"), Elizabeth Kimble ("Kimble"), the Joliet Township High School District 204 Board of Education (the "Board"), and Dr. Karla Guseman ("Guseman") (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983 ("Section 1983") as well as various state law claims. DCFS, Gage, and Kimble (collectively, "DCFS Defendants") and the Board and Guseman (collectively, "Joliet Defendants") respectively move to dismiss. [61] [75].

For the reasons stated herein, the motions [61] [75] are granted.

## I. Background

The Court assumes familiarity with the background of this action, which was outlined in the Court's previous opinion. [52].

Plaintiff filed his original Complaint on April 11, 2025. [1]. On January 5, 2026, the Court granted Joliet Defendants' motion to dismiss the Complaint [13] and DCFS

Defendants' motion to dismiss the Complaint [26] in part. [52]. Plaintiff thereafter filed a First Amended Complaint on February 10, 2026. [60] [100].[1]

On February 24, 2026 and April 3, 2026, Joliet Defendants and DCFS Defendants respectively moved to dismiss the First Amended Complaint. [61] [75].

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy*

[1]Plaintiff filed a corrected version of his First Amended Complaint on July 21, 2026. [100]. Because the Corrected First Amended Complaint does not substantively differ from the First Amended Complaint, the Court construes Defendants' motions to dismiss [61] [75] as if they were directed against the Corrected First Amended Complaint.

*Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III. Analysis

### A. Federal Claims

Plaintiff brings several constitutional claims pursuant to Section 1983. The Court addresses each in turn.

#### i. Eighth Amendment Claims (Counts I, IV, and VII)

In Counts I, IV, and VII, Plaintiff alleges violations of the Eighth Amendment by Guseman, Gage, and Kimble, asserting that the "prolonged and harassing" investigation and the fabricated finding were "grossly disproportionate" and "serv[ed] only to punish and harm Plaintiff." [100] ¶¶ 100-110; 144–152; 167–174.

The Eighth Amendment only applies to convicted persons. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). Here, Plaintiff was only subjected to a civil child-welfare investigation. Plaintiff does not allege that he was charged with and convicted of a crime. As such, Counts I, IV, and VII are dismissed.

#### ii. Procedural Due Process Claim Against Guseman (Count II)

In Count II, Plaintiff alleges that Guseman violated his right to procedural due process. [100] ¶¶ 111–129. A procedural due process claim requires a (1) deprivation of a constitutionally protected liberty or property interest (2) without due process. *Dupuy v. Samuels*, 397 F.3d 493, 503 (7th Cir. 2005). Because Plaintiff here invokes a liberty interest in his reputation, the "stigma plus" doctrine applies. *Mann v. Vogel*, 707 F.3d 872, 878 (7th Cir. 2013). To establish a protected liberty interest under this doctrine, a plaintiff must plausibly allege that "(1) the defendant made stigmatizing comments about him; (2) those comments were publicly disclosed; and (3) he suffered a tangible loss of other employment opportunities as a result of the public disclosure." *Palka v. Shelton*, 623 F.3d 447, 454 (7th Cir. 2010). The public-disclosure element requires "that the defendant actually disseminate the stigmatizing comments in a way that would reach potential future employers or the community at large." *Id.*

As before, Plaintiff fails to plausibly allege a public disclosure by Guseman. Guseman only made statements to Principal Gibson, who in turn reported the statements to DCFS. [100] ¶¶ 38, 115–118. Disclosure of stigmatizing information within "the proper chain of command, or to a related entity that has its own obligation of confidentiality, is not a public disclosure." *Jones v. Lake Cnty. Sheriff's Off.*, 154 F.4th 538, 545 (7th Cir. 2025) (cleaned up). Moreover, without a public disclosure, Plaintiff cannot plausibly allege that he lost employment opportunities "as a result of [Guseman's] public disclosure." *Palka*, 623 F.3d at 454.

Plaintiff's new allegations do not cure these deficiencies. The fact that a superintendent of another school at one point remarked that Guseman "pretty much

ruined [Plaintiff's] career," [100] ¶ 128, does not plausibly suggest that Guseman publicized her stigmatizing statements. There are no facts indicating where the other superintendent heard this information, whom he had spoken to, or that he was aware of Guseman's report to Principal Gibson. Without any such facts, an inference that Guseman made a public disclosure amounts to pure speculation. That is not enough. *Iqbal*, 556 U.S. at 678 ("plausibility … asks for more than a sheer possibility."). For these reasons, Count II is dismissed.

#### iii. Procedural Due Process Claims Against Gage and Kimble (Counts V and VIII)

In Counts V and VIII, Plaintiff alleges that Gage and Kimble violated his right to procedural due process. [100] ¶¶ 153–157; 175–179. Among other arguments, DCFS Defendants assert that Counts V and VIII are barred because the statute of limitations clock started on January 25, 2022[2]—the day DCFS' investigation concluded—which is outside the two-year limitations window. Though the Court previously declined to dismiss Plaintiff's Complaint on untimeliness grounds, [52] at 6–9, it now reaches the question with respect to these counts because the Corrected

[2]While an amended pleading supersedes a prior pleading, the Seventh Circuit has made clear that an "amended pleading does not operate as a judicial *tabula rasa*." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1048 (7th Cir. 2019). A district court "is not required to ignore its prior decision, or its findings supporting a dismissal and grant of leave to amend" where "the findings are based upon undisputed public information plaintiffs themselves brought before the district court," provided the findings are "not subject to reasonable dispute." *Id.* (citation omitted); *see also Thomas v. Avant*, No. 18 C 06021, 2023 WL 12211379, at *2 (N.D. Ill. Jan. 17, 2023) ("Curiously absent from Thomas's SAC are the inconvenient facts … that foreclosed Thomas's ECOA theory in his FAC ... the Court can take judicial notice of the facts alleged in Thomas's FAC."). Such is the case here. The First Amended Complaint no longer contains the date DCFS' investigation concluded. The Court therefore takes judicial notice of its previous finding that the date was January 25, 2022. [52] at 3.

First Amended Complaint "set[s] forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (citation omitted).

Section 1983 claims accrue "when the plaintiff has a complete and present cause of action." *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (cleaned up). An accrual analysis begins with identifying the specific constitutional right allegedly infringed. *Id*. For procedural due process claims, it is not the deprivation of a constitutionally protected liberty interest that is unconstitutional, but rather the "deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Accordingly, the constitutional violation "is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Id*. at 126.

Here, Plaintiff alleges that DCFS' flawed investigation caused damage to his reputation. From this he constructs his procedural due process claim. First, Plaintiff maintains he was deprived of a liberty interest in his reputation when he was indicated for child abuse by DCFS at the close of the investigation. Next, he claims that because Gage and Kimble failed to advise him of certain rights, failed to perform required steps in the investigative process, failed to give him a copy of the investigative file, and disregarded his attempts to present evidence during the investigation, [88] at 9 (citing [100] ¶¶ 67–68, 77–80, 88–89, 90–92), he was not provided due process before the deprivation occurred.

With the above in mind, the accrual date on Counts V and VIII becomes clear. Plaintiff's procedural due process theory entirely concerns processes that should have

been in place *during* DCFS' investigation. When that investigation concluded on January 25, 2022, the constitutional violation was complete: DCFS had failed to provide him with adequate process. Plaintiff in fact could have filed his Section 1983 suit that same day challenging the lack of process. *See Horsley v. Trame*, 808 F.3d 1126, 1129 (7th Cir. 2015) ("[t]here is no general duty to exhaust state judicial or administrative remedies before pursuing an action under 42 U.S.C. § 1983"). So, the two-year clock on Counts V and VIII started on January 25, 2022. And because Plaintiff did not file this action until more than three years later, on April 11, 2025, those counts are untimely.

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff first refers to *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) for the proposition that his claims did not accrue until the indicated finding against him was expunged. Unlike here, however, *Savory* involved a malicious prosecution claim under the Fourth Amendment. *Id*. at 417. Because favorable termination is an element of that claim, it necessarily follows that the claim is not "complete and present" until the prosecution ends. *Id*. at 427. Procedural due process claims carry no analogous element, and so no analogous accrual rule would apply.

Plaintiff's reliance on the "continuing violation rule" is also misplaced. By definition, the rule requires *continuing*, ongoing acts. *Wilson v. Giesen*, 956 F.2d 738, 743 (7th Cir. 1992). But as a matter of logic, a procedural deficiency is confined to the proceeding in which it arises. In other words, once DCFS' investigation ended, there was no process left to deny and thus no "continuing" violations. Equitable estoppel is

also inappropriate: though Plaintiff points to alleged improper conduct by Joliet Defendants that prevented him from suing, there are no facts suggesting that DCFS Defendants "actively misle[d]" him to prevent him from filing suit. *Reyes v. City of Chicago*, 585 F.Supp.2d. 1010, 1015 (N.D. Ill. 2008).

Plaintiff's "discovery" rule and equitable tolling arguments likewise do not save his claims. Although Plaintiff somewhat mixes the concepts, *see Richardson v. City of Chicago*, 314 F. Supp. 3d 999, 1010 (N.D. Ill. 2018) (explaining the difference), at base his position with respect to both is the same: the statute of limitations did not start (or in equitable tolling speak, was "tolled") until April 19, 2024, when an Administrative Law Judge ("ALJ") held that the indicated finding against him was unsupported by credible evidence. Plaintiff believes that because the ALJ's decision provided new information bearing on his claim, the clock could not start (or was tolled) until then. Yet in the context of Counts V and VIII, this makes little sense. With procedural due process, it is the lack of predeprivation procedure that offends the Constitution. *Rowe v. DeBruyn*, 17 F.3d 1047, 1051 (7th Cir. 1994). Though the ALJ's decision may bear on whether the deprivation itself was legitimate, the decision does not bear on whether the predeprivation procedures employed by DCFS in the investigation satisfied due process. [100-1]; [100-2].

For these reasons, Counts V and VIII are dismissed.

#### iv. Substantive Due Process Claims Against Guseman, Gage, and Kimble (Counts III, VI, and IX)

In Counts III, VI, and IX, Plaintiff alleges that Guseman, Gage, and Kimble violated his right to substantive due process. [100] ¶¶ 130–143; 158–166; 180–188.

Substantive due process protects "fundamental right[s]" with "deep roots in our history and traditions." *Kelley-Lomax v. City of Chicago, Illinois*, 49 F.4th 1124, 1125 (7th Cir. 2022). In contrast to procedural due process, substantive due process precludes "certain government actions regardless of the fairness of the procedures used to implement them." *Schaefer v. Goch*, 153 F.3d 793, 797 (7th Cir. 1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

Plaintiff's substantive due process claims are predicated on the same actions as his "stigma plus" claims. Courts have repeatedly recognized, however, that "stigma plus" claims are only actionable under a procedural due process theory, not under a substantive due process theory. *Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 502 (6th Cir. 2007); *Hogan v. City of Fort Walton Beach*, 817 F. App'x 717, 723 (11th Cir. 2020); *Segal v. City of New York*, 459 F.3d 207, 213 (2d Cir. 2006). This is because a stigma plus liberty interest is not a fundamental right protected by substantive due process. *Hogan*, 817 F. App'x at 723; *see also Tang v. Illinois Dep't of Child. & Fam. Servs.*, No. 17-CV-05790, 2021 WL 4477891, at *6 (N.D. Ill. Sept. 30, 2021).

Plaintiff has provided no persuasive reason to depart from these cases. For these reasons, Counts III, VI, and IX are dismissed.

### B. State Law Claims

Plaintiff also brings several state law claims (Counts X–XIII). Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over his remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Hagan v. Quinn*, 867 F.3d 816, 830 (7th Cir. 2017) ("The usual practice in this circuit is for district

courts to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.") (cleaned up).

## IV. Conclusion

For the stated reasons, the motions to dismiss [61] [75] are granted. Counts I–IX[3] are dismissed. Because Plaintiff has now had two chances to plead a viable Section 1983 claim, these counts are dismissed with prejudice. Counts X–XIII are dismissed without prejudice to Plaintiff refiling them in state court. Civil case terminated.

E N T E R:

Dated: August 17, 2026

MARY M. ROWLAND
United States District Judge

[3]Because the Court dismisses Counts I–IX on the bases above, it declines to address Defendants' alternative arguments with respect to those counts.